```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

United States of America,

           Plaintiff,

vs.                                 Case No. 2:12-cv-138-FtM-29SPC

$304,050.00 in U.S. Currency and a
2004 Infiniti G-35, Vehicle
Identification Number:
JNKCV54E84M826142,

           Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Strike Claim for Failing to Comply with Supplemental Rule G(5) (Doc. #18) filed on June 29, 2012. Claimant filed an Objection to Plaintiff's Motion to Strike Claim (Doc. #21) on August 13, 2012.

The government (or plaintiff) filed this action seeking forfeiture of $304,050.00 in U.S. currency and a 2004 Infiniti G-35, Vehicle Identification Number JNKCV54E84M826142 (collectively "the property"), obtained through seizure following an inspection at a Weight Station in Charlotte County, Florida. (Doc. #1, ¶ 9.) On March 8, 2012, the government, pursuant to Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Supplemental Rules), filed a Verified Complaint for Forfeiture *In Rem* (Doc. #1) against the seized property asserting that the property is traceable to a federal controlled substance offense. In response to the government's verified

complaint, Johnny Melo (claimant), in a verified Claim of Ownership (Doc. #14), stated that he is "the True and Rightful owner of" the property. In the Motion to Strike, the government contends that the Claim of Ownership fails to comply with Supplemental Rule G(5)(a)(i)(B) because claimant's "bald assertion of ownership" is insufficient to adequately describe his interest in the property. (Doc. #21, p. 16.) Claimant proffers that his claim complies with Supplemental Rule G(5), but if the Court agrees with the government, he should be granted leave to amend his claim. (Doc. #21.)

The civil forfeiture statute invoked by the government operates to allow a court to declare any property involved in certain types of illegal transactions to be subjected to forfeiture. 21 U.S.C. § 881. When the government files a verified complaint in the appropriate court, any person claiming an interest in the property must file a claim of interest in accordance with the Supplemental Rules. 18 U.S.C. § 983(a)(4). The requirements for responsive pleadings, including a claim of interest, are contained in Supplemental Rule G(5). The rule states that:

> (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
>
>> (A) identify the specific property claimed;
>>
>> (B) identify the claimant and state the claimant's interest in the property;

>    (C) be signed by the claimant under penalty of perjury; and
>
>    (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Supplemental Rule G(5)(a)(i).

Supplemental Rule G is silent as to the amount of detail required to satisfy Supplemental Rule G(5)(a)(i); however, Supplemental Rule G(1) states that "[t]o the extent that this rule does not address an issue . . . the Federal Rules of Civil Procedure also apply." See also Supplemental Rule A(2) ("The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."). Because a claim of interest is a form of pleading, Rule 8 of the Federal Rules of Civil Procedure controls except to the extent that it is inconsistent with Supplemental Rule G(5)(a). The Court cannot find any inconsistencies between the rules; therefore, a claim of interest must comply with Fed. R. Civ. P. 8.

Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the Rule does call for sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Conclusory allegations, however, are not entitled

to a presumption of truthfulness. Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009). The plausibility standard requires that the pleading party allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" in support of the claim. Twombly, 550 U.S. at 556; Marsh v. Butler Cnty., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (citations omitted). "Nor does a [pleading] suffice if it tenders naked assertions devoid of further factual enhancement." Id.

Here, claimant has offered nothing more than a naked assertion of ownership. Claimant's assertion that he is "the True and Rightful owner of" the property is a conclusory allegation and is not entitled to the presumption of truthfulness. In light of the allegations contained in the Verified Complaint indicating the questionable ownership of the property (Doc. #1, ¶¶ 19-20), the Court is unable to conclude, without further factual support, that claimant has a plausible interest in the property. Requiring more than "a bald assertion of ownership" is consistent with the approach taken by other courts. See U.S. v. $100,348.00 in U.S. Currency, 354 F.3d 1110, 1118-19 (9th Cir. 2004) (recognizing that the danger of false claims in these proceeding is substantial, courts must demand more than conclusory or hearsay allegations of some interest in the property); U.S. v. $38,570 U.S. Currency, 950

F.2d 1108, 1112 (5th Cir. 1992) (holding that a bare assertion of ownership, without more, is inadequate to establish statutory standing); U.S. v. $39,557.00, More or Less, in U.S. Currency, 683 F. Supp. 2d 335, 339 (D.N.J. 2010) (finding a bald assertion of ownership in the property was insufficient to identify claimant's interest in the property).  Therefore, claimant has failed to comply with Supplemental Rule G(5)(a)(i)(B).

The Eleventh Circuit has emphasized that a claimant must strictly adhere to the procedural requirements of the Supplemental Rules to achieve statutory standing to contest a forfeiture action. U.S. v. $125,938.62, 370 F.3d 1325, 1328 (11th Cir. 2004).  If the claim fails to comply with Supplemental Rule G(5), the government may move to strike the forfeiture claim at any time before trial. U.S. v. $12,126.00, 337 F. App'x 818, 820 (11th Cir. 2009).  The Eleventh Circuit, however, has recognized that "forfeiture is a harsh penalty, especially when the outcome is forced because of technical and procedural errors. U.S. v. $125,938.62, 370 F.3d at 1329.  Accordingly, district courts should liberally allow amendments provided that an amendment would not undermine the goals underlying the time restriction and verification requirements of Supplemental Rule G.  Id.  Because the claim of interest was both verified and timely filed, granting leave to amend would not undermine the goals of Supplemental Rule G.

Accordingly, it is now

**ORDERED:**

1.  Plaintiff's Motion to Strike Claim for Failing to Comply with Supplemental Rule G(5) (Doc. #18) is **GRANTED.**

2.  Johnny Melo's Claim of Ownership (Doc. #14) is **STRICKEN, WITH LEAVE TO FILE AN AMENDED CLAIM.** Claimant shall have twenty-one (21) days from the date of this Opinion and Order to file an amended claim which complies with Fed. R. Civ. P. 8.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of October, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:

Counsel of record